**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

ANGELA R. CURRY,              :

    Plaintiff,                 :

vs.                           :        CA 07-0211-CG-C

MICHAEL J. ASTRUE,            :
Commissioner of Social Security,
                              :
    Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for supplemental security income benefits. This action is before the Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the administrative record, plaintiff's proposed report and recommendation, and the Commissioner's proposed report and recommendation,[1] it is recommended that the decision to deny benefits be reversed and remanded for further proceedings not inconsistent with this decision.

---

[1]    This case has been decided on the written record without the benefit of oral argument. (*See* Doc. 21 (order cancelling oral argument))

Plaintiff alleges disability due to precipitous sensorineural hearing loss bilaterally, borderline intellectual functioning, and panic disorder without agoraphobia  The Administrative Law Judge (ALJ) made the following relevant findings:

> 2. The claimant has a "severe" impairment of hearing loss. The claimant also has a non-sever[e] impairment of cardiac palpitations.
>
> 3. The claimant's impairments, considered individually and in combination, do not meet or equal in severity any impairment set forth at 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> 4. The claimant's allegations of pain and functional limitations are not fully credible.
>
> 5. The claimant retains the residual functional capacity to perform a range of light work with mild hearing loss and borderline intellectual functioning which would limit her ability to work to understanding, carrying out, and remembering only simple one-to-two step instructions, as well as using judgment in only one-to-two step instructions.
>
> 6. The claimant has no past relevant work. This finding is supported by the testimony of the vocational expert witness.
>
> 7. The claimant is a younger individual.
>
> 8. The claimant has a limited, ninth grade education.
>
> 9. The transferability of any acquired work skills is not a material issue.
>
> 10. The framework of Rule 202.17 of the Medical-Vocational Guidelines and [the] vocational expert's testimony

>  demonstrate that the claimant has the residual functional capacity to perform jobs that exist in significant numbers in the national economy.
>
>  11.  The claimant is not disabled within the meaning of the Social Security Act.

(Tr. 19-20) The Appeals Council affirmed the ALJ's decision (Tr. 4-6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In supplemental security income cases where the claimant has no past vocationally-relevant work, as here, it is the Commissioner's burden to prove that the claimant is capable of performing work which exists in significant numbers in the national economy. *See Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted). The ALJ's articulation of specific jobs the claimant is capable of performing must be supported by substantial evidence. *Id.* (citation omitted). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision."

*Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). [2]

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform those light jobs identified by the vocational expert ("VE"), is supported by substantial evidence. Plaintiff claims that the ALJ erred in failing to specifically find her borderline intellectual functioning and panic disorder to be severe impairments and, further, that the ALJ erred in failing to properly consider her claim under the Eleventh Circuit's three-part pain standard. Because the ALJ failed to evaluate Curry's mental impairments in the manner prescribed by 20 C.F.R. § 416.920a and controlling case law in the Eleventh Circuit,[3] this Court need not reach the remaining issue raised by plaintiff. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

The remand of this case for further proceedings is mandated by *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005). The Eleventh Circuit held in

---

[2] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir. 1987).

[3] Given the contents of the Commissioner's regulations, this Court finds that plaintiff's severity argument sufficiently raises the issue as addressed by the undersigned.

*Moore* that "where a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and conclusions[,]" and that the "[f]ailure to do so requires remand." *Id.* at 1214 (citations omitted). The Commissioner's regulations specifically provide that the PRTF or functional analysis contained therein must be completed before an ALJ makes the determination about whether a mental impairment is severe or not severe. 20 C.F.R. § 416.920a(d)(1) & (2) (2007) ("After we rate the degree of functional limitation resulting from your impairment(s), we will determine the severity of your mental impairment(s). (1) If we rate the degree of your limitation in the first three functional areas [activities of daily living; social functioning; and concentration, persistence, or pace] as 'none' or 'mild' and 'none' in the fourth area [episodes of decompensation], we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities . . . . (2) If your mental impairment(s) is severe, we will then determine if it meets or is equivalent in severity to a listed mental disorder.").

In this case, the ALJ failed to follow the Commissioner's own

regulations by attaching to his decision a PRTF or performing the functional analysis contained therein before making a determination about whether any of plaintiff's diagnosed mental impairments were severe or not severe. 20 C.F.R. § 416.920a(d)(1) & (2) (2007). Moreover, there can be no doubt that plaintiff has a colorable claim of a mental impairment inasmuch as the ALJ implicitly determined that one of Curry's severe impairments is borderline intellectual functioning, *cf.* Tr. 19, Finding No. 5 ("The claimant retains the residual functional capacity to perform a range of light work with mild hearing loss and borderline intellectual functioning which would limit her ability to work to understanding, carrying out, and remembering only simple one-to-two step instructions, as well as using judgment in only one-to-two step instructions.") *with Baxter v. Barnhart*, 165 Fed.Appx. 802, 804 (11th Cir. 2006) ("Here, the ALJ determined that Baxter had several severe impairments: the loss of Baxter's right eye, left shoulder pain, depression, and borderline intellectual functioning.") and failed to give any indication, one way or the other, whether her panic disorder without agoraphobia is a severe impairment (*see* Tr. 11-20), though this impairment has been recognized as a severe impairment, *see, e.g. Wind v. Barnhart*, 133 Fed.Appx. 684, 688, 2005 WL 1317040, *3 (11th Cir. 2005) (ALJ determined plaintiff's panic disorder to be

6

a severe impairment).

In light of the foregoing, it is clear to the undersigned that the ALJ in this case, like in *Moore*, was required to complete a PRTF or, otherwise, incorporate the PRTF's mode of analysis into his findings and conclusions. *Moore*, *supra,* 405 F.3d at 1214.  Such mode of analysis, or special technique, "requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: 'activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.'" *Id.* at 1213, quoting 20 C.F.R. § 404.1520a(c)(3-4).

In this case, no PRTF was appended to the ALJ's decision, nor did the ALJ incorporate into his decision the mode of analysis set forth in the regulations at § 416.920a. (*See* Tr. 11-20) In fact, the ALJ makes no mention whatsoever of the pertinent regulations nor does he mention *Moore,* though that case was decided well over a year prior to the hearing decision in this case. Accordingly, the undersigned recommends that this case be remanded to the Commissioner of Social Security for further consideration in light of *Moore v. Barnhart,* 405 F.3d 1208 (11th Cir. 2005).

**CONCLUSION**

The Magistrate Judge recommends that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g),[4] *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 20th day of December, 2007.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Although the plaintiff's application in this case is solely for supplemental security income benefits pursuant to 42 U.S.C. § 1383(c)(3), remand is proper under sentence four of § 405(g) because § 1383(c)(3) provides that "[t]he final decision of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                s/WILLIAM E. CASSADY
                                UNITED STATES MAGISTRATE JUDGE